NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 260439-U

NO. 4-26-0439

IN THE APPELLATE COURT

FILED
July 2, 2026
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| *In re* ESTATE OF ARLENE STAFFELDT, Deceased | ) | Appeal from the |
| | ) | Circuit Court of |
| (William Staffeldt, | ) | Knox County |
| Plaintiff-Appellee, | ) | No. 23PR76 |
| v. | ) | |
| Michael Staffeldt and Brandt Staffeldt, | ) | Honorable |
| Defendants-Appellants). | ) | Curtis S. Lane, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Knecht and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding the circuit court did not abuse its discretion
when denying defendants' motion to dissolve the preliminary injunction.

¶ 2    In August 2023, plaintiff, William Staffeldt, sought a preliminary injunction to
stop defendants, Michael and Brandt Staffeldt, from selling or disposing of estate property
belonging to decedent, Arlene Staffeldt. In January 2024, the circuit court granted the
preliminary injunction. In August 2025, following numerous continuances and prior to trial,
defendants moved to dissolve the preliminary injunction, which the court denied. On appeal,
defendants argue the court erred when denying their motion to dissolve the preliminary
injunction. We disagree and affirm.

¶ 3                          I. BACKGROUND

¶ 4    Decedent died testate on May 5, 2023. That same month, the circuit court entered

an order admitting decedent's will to probate. The order appointed defendants as independent co-executors. Additionally, the order named defendants, plaintiff, and decedent's other children: Georgene Hawkins, Renee Staffeldt, and Kristine Ogonowski as heirs.

¶ 5        The particular language in dispute within decedent's will stated:

> "I give all my personal and household effects, collections, and automobiles, and any insurance policies thereon *** to my children who survive me to be divided equally among them as they agree. My executor shall have the right to donate, or sell, any property as to which there is no agreement within 270 days after my date of death; in the event of a sale the executor shall add the proceeds to the residue of my estate."

¶ 6        In August 2023, plaintiff filed several requests for relief, including an "Emergency Motion for Temporary Restraining Order [(TRO)]," a "Complaint for Injunctive Relief and Estate Inventory," and a "Motion for Preliminary Injunctive Relief." The filings alleged defendants had scheduled an auction of decedent's personal property in violation of the will.

¶ 7        On August 28, 2023, the circuit court granted the TRO. There is no record of this hearing; however, the order indicates the court granted the TRO following "arguments on the pleadings from counsel in chambers." The court scheduled the remainder of plaintiff's filings for a hearing to be held at a later date.

¶ 8        A hearing on the motion for a preliminary injunction occurred on November 27, 2023. The circuit court stated there was "clear animosity with this family" and described the issue between the parties as their inability to meet to equally divide decedent's property.

¶ 9 Plaintiff informed the circuit court he was temporarily residing in a hotel in Illinois but needed to return to his home in Montana.

¶ 10 Defendant Brandt testified all the heirs, except for plaintiff, had agreed to meet on October 1, 2023, to identify the personal property they wanted. He stated plaintiff ignored their requests to meet. He said plaintiff had provided a list of personal items he wanted, which were gathered and stored separately. He said decedent's home, where the property was located, had been sold. The personal property had been boxed and stored in storage lockers, some of which were stored at defendant Michael's residence.

¶ 11 On cross-examination, Brandt conceded plaintiff requested to view the property in September 2023, when he was in town, but he was denied access to the property.

¶ 12 On redirect examination, Brandt explained plaintiff had been denied access to the property in September 2023 because he had threatened to take all the inheritance and one of decedent's daughters, Renee, had not yet finished sorting and packing all of the property.

¶ 13 Michael testified the list of items plaintiff had requested were boxed and stored. All other property that was not expressly listed by the heirs was at his residence. He said he would be willing to let plaintiff come view the items at his home in the presence of a sheriff's deputy.

¶ 14 Plaintiff testified there were a handful of property items unaccounted for that he wished to recover.

¶ 15 Decedent's daughter, Kristine, testified she had not agreed to meet on October 1, 2023.

¶ 16 Decedent's daughter, Georgene, testified she had not agreed to meet on October 1, 2023.

¶ 17 The circuit court granted the preliminary injunction. In January 2024, in a written order, the court instructed the heirs to review and take possession of property separately stored based on their respective lists. The order prohibited defendants from selling or disposing of any property until after a hearing scheduled for February 1, 2024.

¶ 18 The matter was subsequently continued multiple times. On each occasion, the preliminary injunction was extended until further order of the circuit court.

¶ 19 In August 2025, defendants filed a "Motion to Dissolve Preliminary Injunction," arguing the circuit court should dissolve the preliminary injunction because the firm that represented plaintiff had acted adversely to the interests of its former clients, Renee and Kristine. The motion also argued the continued prohibition of the sale of estate property was contrary to the intent and terms of decedent's will. A hearing on the motion occurred on March 24, 2026.

¶ 20 Prior to evidence being heard, defendants contended the prior attorney who represented plaintiff, Renee, and Kristine did so under an actual conflict of interest because Renee and Kristine had expressly told counsel not to pursue the original preliminary injunction. The circuit court noted decedent's will did not permit defendants to sell the personal property in dispute.

¶ 21 On direct examination, Michael was asked about his efforts to supply plaintiff with the property he had requested. Plaintiff objected to the question as being outside the scope of the motion. The circuit court sustained the objection. Michael stated more than 270 days had passed since decedent's death. By way of an offer of proof, Michael said he had provided plaintiff with "two truck loads" of the property requested. Michael did not recall any other heir taking two truckloads of property from the estate. He recalled completing a list of items for plaintiff prior to the sale of decedent's home. He said plaintiff continued to provide lists of items,

as there were six lists of requested property. He recounted some of the specific items plaintiff requested and said, "[w]e gave him all we had. So, we filled everything we possibly could." He then noted the costs of storing the property and concerns regarding delaying the sale of the remaining property.

¶ 22     Defendants argued the preliminary injunction was crafted to prohibit the sale of any estate property before 270 days had passed after decedent's death. They contended the 270-day time period had long since passed, making the preliminary injunction no longer necessary. Defendants conceded some property had been sold prior to the preliminary injunction being ordered. Plaintiff argued the preliminary injunction had remained in place beyond the 270 days, not only to prevent the sale of property but also to continue his pending action to remove defendants as executors of decedent's estate.

¶ 23     The circuit court denied defendants' motion. The court noted its frustration with the parties and the poor attempts to permit plaintiff to view the property in defendants' possession. The court said the matter would remain "status quo until the trial is done." The court then stated:

> "Nothing is going anywhere because the will has, the terms of the will have already been violated. I've said that on a multitude of occasions.
>
> So, you can take it however you want it, but I'm not gonna just authorize things to be sold which was done without authority in the first place."

¶ 24     This appeal followed.

¶ 25                    II. ANALYSIS

¶ 26     Before we address defendants' arguments on appeal, we must first address their

request for a *de novo* standard of review. Defendants contend the circuit court made no factual findings, but instead, refused to dissolve the preliminary injunction based on its interpretation of decedent's will. Accordingly, they argue we should review the court's construction of the will and legal conclusions *de novo*. See *In re Estate of White*, 2020 IL App (4th) 190385, ¶ 11 ("We review *de novo* a [circuit] court's legal conclusions as to the construction and legal effect of a will.").

¶ 27                          A. Applicable Law and Standard of Review

¶ 28          "A preliminary injunction preserves the status quo until the merits of the case are decided." *Alms v. Peoria County Election Comm'n*, 2022 IL App (4th) 220976, ¶ 25. It is within the broad discretion of the circuit court whether or not to dissolve a preliminary injunction. *McHenry County Sheriff v. McHenry County Department of Health*, 2020 IL App (2d) 200339, ¶ 22. "The only issue before the appellate court when reviewing the denial of a motion to dissolve a [TRO or preliminary injunction] is whether the [circuit] court abused its discretion." *Id.* "Substantive issues are to be considered only insofar as it is necessary to determine whether the court abused its discretion." *Id.*

¶ 29          Here the substantive issue—relevant to the standard of review—is the disputed interpretation of decedent's will. However, we may only consider this disputed interpretation insomuch as it is necessary to determine whether the circuit court abused its discretion when denying defendants' motion to dissolve the preliminary injunction. *Id.* Therefore, we decline defendants' invitation to review this matter *de novo* and will apply an abuse-of-discretion standard of review.

¶ 30                          B. Defendants' Arguments

¶ 31          On appeal, defendants argue the circuit court erred when denying their motion to

dissolve the preliminary injunction because (1) the plain language of the will permitted the sale or disposal of estate property now that 270 days had lapsed since decedent's death, (2) the evidence showed plaintiff had received all estate property requested that was in defendants' possession, (3) *Sauvage v. Gallaway*, 331 Ill. App. 309 (1947), as briefly argued by plaintiff at the hearing, is both distinguishable and inapplicable to the instant matter, and (4) plaintiff has an alternative remedy at law, thereby making the preliminary injunction unnecessary. We address each claim in turn.

¶ 32        First, defendants argue the circuit court refused to consider any other interpretation of the will's 270-day provision for selling or disposing of estate property. They cite the dictionary definition of "within" to mean "no later than" and argue the 270-day provision is ambiguous. See, *e.g.*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/within?src=search-dict-box, (Last visited June 8, 2026) (defining "within" as a "situation or circumstance in the limits or compass of," "before the end of").

¶ 33        Alternatively, defendants argue that, even if the circuit court was correct in its interpretation of the 270-day provision, the lack of an agreement on the estate property would not impede them from selling or otherwise disposing of the estate property after 270 days had passed. According to the plain language of the will, appellants contend the court should have dissolved the preliminary injunction and permitted them to sell or dispose of the estate property.

¶ 34        The evidence at the hearing to dissolve the injunction showed defendants had contended there was no property in their possession of which plaintiff had requested and anything he had previously requested had been provided to him. Plaintiff had previously contended he was not aware of what estate property was in defendants' possession. Indeed, evidence from the preliminary injunction hearing supported plaintiff had been denied access to

view estate property in defendants' possession. The circuit court straightforwardly explained the reason it had granted the preliminary injunction and the reason it had refused to dissolve it was because plaintiff had been unable to view the estate property. This is the crux of the factual dispute: What property is in defendants' possession, and is plaintiff entitled to any of it? The court was prepared to have a trial to resolve this issue.

¶ 35        Defendants, on appeal, would have this court bypass the triable issue and interpret the will in their favor to undercut a need for trial. However, we need not interpret decedent's will on review because the applicable "standard governing the [circuit] court's judgment on a motion to dissolve a [preliminary injunction] is whether the party in whose favor the order was issue has demonstrated a fair question as to the existence of its rights." *McHenry County Sheriff*, 2020 IL App (2d) 200339, ¶ 23. "The [circuit] court may deny the motion to dissolve if the party in whose favor the order was issued demonstrates, to the court's satisfaction, that the matter out of which the rights arise should be preserved until a decision on the merits." *Id.* Here, plaintiff sought to exercise his right to seek an agreement as to the equitable division of the estate property. Defendants, however, argue there was no further need for an agreement. This is the triable issue the court was seeking to address. We find the record shows plaintiff demonstrated a fair question as to the existence of his rights. Accordingly, we find the court did not abuse its discretion when denying defendants' motion to dissolve the preliminary injunction.

¶ 36        We decline to address defendants' arguments concerning *Sauvage* because the case was briefly mentioned by plaintiff in argument and was not relevant to the circuit court's determination denying the motion to dissolve the preliminary injunction. See *Wilson v. Illinois Benedictine College*, 112 Ill. App. 3d 932, 936 (1983) ("A reviewing court will not consider questions or contentions which are not essential to the determination of the case before it.").

¶ 37 Lastly, defendants argue the original purpose of the preliminary injunction has been made moot by the fact that they have no estate property plaintiff seeks. They note a necessary element of a preliminary injunction is no adequate remedy at law. See *Alms*, 2022 IL App (4th) 220976, ¶ 25 (stating no adequate remedy at law is a necessary element a party seeking a preliminary injunction must show). From here, defendants contend any estate property, whether lost, sold, or donated prior to, or even after, decedent's death, cannot be recovered by plaintiff through the preliminary injunction. As such, plaintiff could only seek monetary damages for disputed estate property, thereby showing an alternative and adequate remedy at law.

¶ 38 "Arguments pertaining to the issuance of the [preliminary injunction] but unnecessary to resolving the question of the [circuit] court's exercise of discretion in ruling on the motion to dissolve are irrelevant." *McHenry County Sheriff*, 2020 IL App (2d) 200339, ¶ 22. As we stated earlier, we have found the circuit court did not abuse its discretion when denying defendants' motion. Defendants' argument attacking the original basis for the preliminary injunction is irrelevant. Therefore, we find defendants' argument challenging the original basis for the preliminary injunction unpersuasive.

¶ 39 III. CONCLUSION

¶ 40 For the reasons stated, we affirm the circuit court's judgment.

¶ 41 Affirmed.